UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL DUDLEY, )<br>                  Movant, )<br>)<br>   vs. )<br>)<br>UNITED STATES OF AMERICA )  | No. IP 06-CR-104-H/F-01<br>1:07-cv-1307-DFH-TAB |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

      A court may grant relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Because Michael Dudley ("Dudley") has failed to make a showing sufficient to obtain relief pursuant to this statute, his motion for relief pursuant to § 2255 must be denied. This conclusion is based on the following facts and circumstances:

      1.    Dudley was charged with drug offenses in an Indictment filed on July 12, 2006. Dudley eventually pled guilty to one such charge through a plea agreement reached with the United States. The court accepted this plea agreement on October 16, 2006, and imposed sentence.

      2.    In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). Dudley's guilty plea was entered in open court and only after full compliance with the requirements of Rule 11 of the *Federal Rules of Criminal Procedure*.

      3.    Dudley's guilty plea was entered voluntarily, knowingly, and intelligently. Dudley's guilty plea was therefore valid. *United States v. Sura,* 511 F.3d 654 (7th Cir. 2007) (discussing the requirements of Rule 11 and the standard for evaluating a guilty plea where there has been incomplete compliance with those requirements).

4.     One provision of the plea agreement between Dudley and the United States provided that "in the event the Court sentence[d] him to a term of imprisonment of no more than 120 months, he expressly waive[d] his right to appeal the conviction and any sentence imposed in this case on any ground . . . [and additionally] . . . expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action under 28 U.S.C. § 2255" ("the waiver provision"). Dudley was in fact sentenced to a term of imprisonment of 120 months, to be followed by eight years of supervised release.

5.     A motion pursuant to 28 U.S.C.§ 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). There is an impediment to this effort, however, consisting of the waiver provision.

6.     Dudley's challenge in this collateral case is governed by the same principles which controlled the recent bid of Edward Blinn, Jr., to disregard a similar waiver provision in pursuing a direct appeal.

> We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement.

*United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007) (citing *United States v. Jemison,* 237 F.3d 911, 917 (7th Cir. 2001)). The record indisputably shows that Dudley knowingly and voluntarily entered into the waiver provision in this case, and that provision is equally enforceable as to bringing an action pursuant to § 2255 as to filing an appeal.

7.     In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

167 F.3d at 1145. In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that

> [b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief.

*Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

8.   In this case, Dudley contends that a valid indictment was not returned, that he was charged based on an unconstitutional statute, and that the prosecution suffered from other deficiencies. He also alleges ineffective assistance of counsel. He seems particularly focused on whether the Indictment was returned as a "true bill." Indeed it was. The Indictment filed on July 12, 2006, is replicated below:



9.   With the Indictment issue resolved, and with it all possible questions concerning the court's jurisdiction over the charges brought against Dudley, the important question is whether his remaining § 2255 claims are barred by the waiver provision. Indeed they are. The waiver provision was part of the Plea Agreement, and none of Dudley's claims, including his claim of ineffective assistance of counsel, call into question the validity of the waiver provision. By bringing this action, therefore, Dudley has breached the waiver provision of the plea agreement and the proper course of action in these circumstances is to dismiss the challenge.

       10.    Dudley is not entitled to relief pursuant to 28 U.S.C. § 2255 without the merits of his claims being reached. His request for an evidentiary hearing pursuant to § 2255 is therefore denied. Additionally, his request for an evidentiary hearing is denied because (1) such a hearing is proper when the habeas petition is accompanied by a detailed and specific affidavit showing that the petitioner has actual proof going beyond mere unsupported assertions, *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.), *cert. denied,* 429 U.S. 826 (1976), and (2) the records and file in this action show conclusively that Mason is not entitled to the relief he seeks. Judgment consistent with this Entry shall now issue.

       So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   7/18/2008